IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA                                     PLAINTIFF

VS.                                       CRIMINAL NO. 3:18-cr-50-DCB-LGI

BILAL HAMID LOVE                                             DEFENDANT

ORDER

This matter is before the Court on Defendant Balil Hamid Love ("Love")'s Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 63]. Having read the Motion, response thereto, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

On October 16, 2018, Love entered a plea of guilty to, and was convicted of, importing a mixture or substance containing AB-PINACA, a Schedule I controlled substance, in violation of 21 U.S.C. § 952 and Title 18 U.S.C. § 2. Love also entered a plea of guilty to, and was convicted of, possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On March 15, 2019 the Court sentenced Love to 108 months of imprisonment as to the importation charge and 60 months imprisonment, as to the firearms charge, to be served consecutively, and a term of 5 years supervised release. Love is

1

currently incarcerated at FCI Yazoo City Low in Yazoo City, Mississippi. As of December 22, 2020, Love has served approximately 18% of his sentence. [ECF No. 66].

Love moves for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A)(i). Love claims that his medical history puts him at a high risk of contracting COVID-19.

## Discussion

Title 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to grant such a release/reduction upon motion by the Director of the Bureau of Prisons or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 (thirty) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant specifically seeks a reduction of his sentence under Section 3582(c)(1)(A)(i), which permits the sentencing court to grant a motion where "extraordinary and compelling reasons warrant such a reduction."

### Exhaustion

Love and the United States agree that Love has fulfilled the requirement of 18 U.S.C. §3582(a)(1)(A) because he has exhausted his administrative remedies.

Claim of "extraordinary and compelling reasons"

The United States Sentencing Commission has established guidelines to determine what constitutes an extraordinary and compelling reason for compassionate release. Extraordinary and compelling reasons for compassionate release exist where:

(A) **Medical Condition of the Defendant.**

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, Application Note 1.

Defendant seeks Compassionate Release based on his current medical conditions. Love is a 39-year-old black male who suffers from hypertension and obesity with a Body Mass Index ("BMI") ≥ 27kg/m. [63-1 at 5,7-8, 10]. Love is currently taking one Hydrochlorothiazide 25 MG tablet per day for his hypertension. Id. at 10, 14. The comments to the Guidelines describe the circumstances in which a medical condition might be sufficiently serious to warrant release. Id. § 1B1.13 cmt. n.1(A). "That is limited to two circumstances: where the defendant has either a terminal illness or a condition that substantially diminished the ability of the defendant to provide self-care." United States v. Thompson, No. 20-40381, 2021 WL 37493, at *2 (5th Cir. Jan. 5, 2021) (internal citation omitted). Love does not assert that his ability to care for himself has diminished. To the contrary, his hypertension is managed effectively by medication.

Current CDC publications indicate people with hypertension and/or are overweight (BMI > 25 kg/m2, but <30 kg/m2) *might* be at

4

an increased risk for Covid-19.[1] While both medical conditions might put Love at an increased risk for contracting a severe case, it is uncertain that he is at a significantly higher risk than is the general inmate population. In fact, nearly half of the adult male population in the United States suffers from hypertension.[2] The Fifth Circuit has held that hypertension is not an "extraordinary and compelling reason" for Compassionate Release.[3] Love's medical conditions are not sufficient to warrant an early release.

Even if "extraordinary and compelling reasons" for early release did exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. §1B1.13(2). Love disputes his potential

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 14, 2021).
[2] DEP'T OF HEALTH AND HUM. SERVS., CTRS. FOR DISEASE CONTROL AND PREVENTION, NAT'L CTR. FOR HEALTH STATS., NCHS DATA BRIEF NO. 364, HYPERTENSION PREVALENCE AMONG ADULTS AGED 18 AND OVER: UNITED STATES, 2017–2018, at 1 (Apr. 2020), https://www.cdc.gov/nchs/data/databriefs/db364-h.pdf.
[3] United States v. Thompson, No. 20-40381, 2021 WL 37493, at *2 (5th Cir. Jan. 5, 2021); United States v. Gowdy, No. 20-60800, 2020 WL 7702579, at *2 (5th Cir. Dec. 28, 2020) (medicinally controlled hypertension is not an extraordinary and compelling reason for compassionate release); United States v. Stark, 831 F. App'x 129, 130 (5th Cir. 2020)(The Fifth Circuit affirmed the district court's finding that defendant's obesity, hyperlipidemia, and family history of heart disease, high blood pressure, and stroke did not put defendant at a heightened risk of exposure to the virus.); United States v. Ferrell, No. 116CR00259TWPMJD1, 2020 WL 3871210, at *5 (S.D. Ind. July 8, 2020) (Stating that although CDC has stated that hypertension has been associated with increased illness severity and adverse outcomes, "association is not necessarily causation, and the CDC has not yet identified hypertension (no matter how mild, and no matter how well-controlled) in its general list of conditions that put people at risk for severe COVID-19 symptoms.").

danger to society, claiming that during his incarceration he has taken nine education courses and he has not had disciplinary issues. [ECF No. 70] at 5.

In opposition, the Government posits that Compassionate Release is unjustified and is opposed, arguing that Love is a danger to the public good based upon the basis of this inmate's original mandatory sentence. [ECF No. 66] at 14. In addition to the importation of controlled substances, nine firearms were seized in furtherance of the crime. [ECF No. 66] at 14. The Court finds that Compassionate Release does not apply to those who present a danger of recidivism or harm to the community. 18 U.S.C. § 3553(a)(2)(c). Furthermore, Love's release plan indicates that he will seek employment as a commercial truck driver, a job that requires travel across state lines and contact with a wide variety of people. [ECF No. 63-11]. The Court does not find that as a released inmate he would be less exposed to Covid-19. Lastly, his release date is approximately nine years hence and, thus, not imminent. For all reasons stated, the Defendant's Motion for Compassionate Release is DENIED.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release [ECF No. 63] is DENIED.

SO ORDERED, this the 21st day of January, 2021.

                                              /s/ David Bramlette
                                            UNITED STATES DISTRICT JUDGE