IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**VS.**                                                      **CRIMINAL NO.: 3:18-CR-50-DCB-LGI**

**BILAL HAMID LOVE**                        `                                              **DEFENDANT**

### ORDER

THIS MATTER is before the Court on Defendant Bilal Hamid Love's ("Defendant" or "Defendant Love") Motion for Compassionate Release. [ECF No. 100]. Defendant filed the Motion on August 07, 2025. Id. The United States filed its Response on October 08, 2025. [ECF No. 101]. After reviewing the Motion, the submissions of the parties, the applicable law, and being fully informed therewith, the Court finds that the Defendant's Motion is **DENIED**.

**I.   Background**

On March 7, 2018, Defendant was indicted by a grand jury on four counts: (1) possession with intent to distribute a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1)(C) and 18 U.S.C. § 2; (2) importing into the United States a mixture of a Schedule I controlled substance, in violation of 21 U.S.C. § 952 and 18 U.S.C. § 2; (3) maintaining, renting, or using a place for the purpose of manufacturing, distributing, or using a mixture

of a Schedule I controlled substance, in violation of 21 U.S.C. § 856(a)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 924(c)(1). [ECF No. 3] at 1-2. On October 16, 2018, a plea agreement was entered and counts (1) and (3) were dismissed on motion by the government. [ECF No. 31]. On the same day, Defendant pleaded guilty to counts (2) and (4) of the indictment. Id. On February 28, 2019, the Court sentenced Defendant to 108 months for count (2) and 60 months for count (4), to be served consecutively to all other counts, and a term of five (5) years supervised release. Id. at 2. No appeal was taken.

On January 21, 2021, the Court denied Defendant's first Motion for Compassionate Release, stating that (1) he presented no "extraordinary and compelling reason" for release, and (2) that he posed a danger to the public. [ECF No. 74]. In his second Motion for Compassionate Release, which the Court considers today, Defendant asks that the Court grant him release to care for his grandmother, "Ivera Love, [who] is 89 years old and is wheel-chair bound." [ECF No. 100] at 3.[1] He also presents that he is not a danger to the community and has served the "[l]ion's [s]hare" of his incarceration. Id. at 10, 12.

---

[1] The Court notes that Defendant's grandmother, Ivera Love, is currently 90 years old, as her birthday is August 14, 1935. [ECF No. 100-2] at 1.

2

Notably, the Defendant seeks a reduction of his sentence under Title 18 U.S.C. § 3583; however, the Court believes this to be a typographical error, as § 3583 pertains to supervised release, not compassionate release. Because the motion itself references compassionate release and states that it seeks such relief, the Court will construe the motion as one brought under 18 U.S.C. § 3582(c)(1)(A), which governs compassionate release.

## II. Legal Standard

Title 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to grant such a release/reduction upon motion by the Director of the Bureau of Prisons or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier". Section 3582(c)(1)(A)(i) permits the sentencing court to grant a motion where "extraordinary and compelling reasons warrant such a reduction."

The United States Sentencing Commission has established guidelines to determine what constitutes an extraordinary and compelling reason for compassionate release. Pertinent to this case, extraordinary and compelling reasons for compassionate release exist where:

    (3) Family Circumstances of the Defendant.—

        (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

        (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

        (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

        (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "***immediate family member***" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

    U.S.S.G. 1B1.13 (b)(3)(A)-(D).

## III. Discussion

### A. Defendant has exhausted all administrative remedies

Defendant Love and the United States agree that Defendant has fulfilled the requirement of 18 U.S.C. §3582(a)(1)(A) because he has exhausted his administrative remedies. [ECF No. 100] at 1; [ECF No. 101] at 1.

**B. Defendant Love has not demonstrated extraordinary and compelling reasoning to justify his release**

Defendant cites to three main reasons why the Court should grant him compassionate release: (1) to become the primary caretaker for his grandmother, (2) the change in guidelines, and (3) his continued rehabilitation. [ECF No. 100]. Each of these reasons will be addressed in turn.

Elderly Caretaker

The Defendant correctly states that the passing of Amendment 814 in November of 2023 now includes "incapacitation of a grandparent [to] qualify as an extraordinary and compelling reason for relief." U.S.S.G. 1B1.13 (b)(3)(D); [ECF No. 100] at 4. The government; however, completes that analysis by pointing out that the Defendant must also demonstrate that he is the only available caregiver for the individual requiring assistance. U.S.S.G. § 1B1.13(b)(3)(D); [ECF No. 101] at 6. The Defendant notes that his mother, Karen Granger, has provided "intermittent visitational assistance" to his grandmother, but that his mother is "70 years old [herself] and is also struggling with her own physical and medical issues." [ECF No. 100] at 4. He also alleges that there are "no other available options" and attempts made by distant relatives ended in the grandmother "being taken advantage of". Id.

However, Defendant Love has not established reasoning, beyond mere conclusory statements, as to why his mother or extended family

5

members would be unable to care for his grandmother. In the absence of affidavits, medical records, documentation of other family members' unavailability, or any other credible evidence demonstrating that Defendant is the only available caregiver, the Defendant's request for compassionate release is denied.

Change in Guidelines

Second, Defendant Love argues that the Sentencing Commissions amendment 807 to the Guidelines dramatically changed the calculation of synthetic cannabinoids. [ECF No. 100] at 5. The Defendant is correct in that assertion; however, the Court agrees with the government that the amendment occurred before the Defendant's sentencing. [ECF No. 101] at 8. Accordingly, the Court finds that it was already aware of, and applied, the amended guideline provisions at the time of sentencing.

Continued Rehabilitation

Third, Defendant Love asserts that his "genuine efforts to reform himself" should be considered when the Court is deciding whether compassionate release should be granted. [ECF No. 100] at 8. The Court has no means of verifying the defendant's statements regarding his rehabilitative achievements; however, if true, they are commendable and reflect positive progress. While the Court recognizes and encourages the Defendant's continued efforts toward rehabilitation, such progress alone does not constitute a

substantive basis for compassionate release. 28 U.S.C. § 994(t). Because the Defendant has not met the criteria for compassionate release under the elderly caretaker section, the Court finds that, despite the Defendant's alleged commendable conduct, his motion must be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release [ECF No. 100] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this 23rd day of October, 2025.

                                        /s/ David C. Bramlette
                                        UNITED STATES DISTRICT JUDGE